UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KENYATTA WILLIAMS,

        Plaintiff,                            Case No.  1:13-CV-0653

v.                                               HON. ROBERT J. JONKER

CITY OF GRAND RAPIDS, *et al.*,

        Defendants,
_____/

## OPINION AND ORDER RE
## REPORT AND RECOMMENDATION

       The matter before the Court is the Magistrate Judge's Report and Recommendation (docket no. 67), filed on September 2, 2014.  The Plaintiff filed a set of Objections to the Magistrate Judge's Report and Recommendation (docket no. 73) on September 16, 2014.

       Under the Federal Rules of Civil Procedure, where a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge, the Report and Recommendation itself, and the Plaintiff's Objections to the Magistrate's Report and Recommendation. After its review, the Court approves and adopts Magistrate Judge Brenneman's Report and Recommendation as amplified in this Order.

On September 4, 2011, according to Plaintiff, he was out with friends and waiting in a parked car to escape the rain while another friend waited in line to enter Cheero's, a bar. (R. 22, Amended Compl. at 1, PageID # 59.) Cheero's is one of several business that has executed a "Letter of Intent," which indicates that the business wishes officers to investigate and prosecute trespassers. In some but clearly not all circumstances, trespassers could include individuals in the parking lot. (R. 22, Amended Compl. at 4, PageID # 62.) Here, two officers approached the vehicle and eventually arrested the Plaintiff for criminal trespass and possession of marijuana. Plaintiff brought a Fourth Amendment claim against the arresting officers in their individual capacities, against the Chief of Police in his official capacity, and against the City of Grand Rapids. Specifically, Plaintiff argues that he was arrested for criminal trespass without probable cause. He does not challenge his arrest for marijuana. He seeks relief under 42 U.S.C. § 1983, which confers a private right of action to individuals whose constitutional rights were violated.

The Report and Recommendation carefully examines the Plaintiff's claims, and recommends that the motion for summary judgment filed by Plaintiff be denied; that the motion for summary judgment filed by the defendant officers be granted; and that the motion for summary judgment filed by the defendant Chief of Police and the defendant City be granted. The Court agrees that the

motion for summary judgment filed by Plaintiff must be denied and that the motion for summary judgment filed by the defendant officers must be granted on the basis that the officers were entitled to qualified immunity. As to the motion for summary judgment filed by the Chief of Police and the City of Grand Rapids, the Court agrees that the motion must be granted, but for slightly different reasons than those articulated by the Magistrate Judge. The Court therefore denies Plaintiff's motion for summary judgment and grants the defendant officers' motion for summary judgment as recommended by the Magistrate Judge's Recommendation and Report, and overrules Plaintiff's objections. The Court further grants the defendant Chief of Police and defendant City's motion for summary judgment for the reasons listed in this Order.

## I. WILLIAMS'S OBJECTIONS

Plaintiff raises multiple overlapping objections to the recommended summary judgments for the defendants. Objections one through three challenge the Magistrate Judge's denial of summary judgment to the Plaintiff and the grant of summary judgment to the defendant arresting officers on the grounds that the officers were entitled to qualified immunity. In Plaintiff's view, the officers lacked probable cause to arrest him for criminal trespass based on the letter of intent while the business was open and no one from the business specifically identified Plaintiff as a trespasser. The Court disagrees and finds that the Magistrate Judge's analysis on these issues is factually correct and legally sound. As the Magistrate Judge correctly noted, the Plaintiff has failed to show a clearly established right to be free from trespass-related arrests, namely where the property owner has expressly provided that officers should investigate and pursue such arrests in a Letter of Intent. At a minimum, the letter gave the officers a right to investigate people such as Plaintiff who were sitting

in a parked car in the lot of the establishment for a prolonged period of time. In a case such as this where the officers ultimately discovered that the people in the car possessed marijuana, there is ample evidence to support a probable cause arrest on both the criminal trespass and possession of marijuana charges. Presumably people possessing illegal drugs in parked cars is exactly the kind of activity the property owner wants to stop on his premises.

Plaintiff also objects to the Magistrate Judge's recommended grant of summary judgment to Defendant Chief of Police in his official capacity, and to the City of Grand Rapids. The Magistrate Judge recommended summary judgment simply on the grounds that Plaintiff cannot establish a policy and practice claim if he doesn't have a viable claim against the individual officers. This is no doubt correct when the basis of summary judgment for the individual officers is a finding that the conduct did not violate the Constitution. Here, however, the Magistrate Judge simply found that the conduct was not a violation of a clearly established constitutional right. It may be theoretically possible for a plaintiff to establish a policy and practice claim against a municipality even though claims against individual officers fail for lack of a clearly established constitutional right at the time of a challenged arrest. On this record, however, there is no way Plaintiff could establish any injury proximately caused by the Defendants' Letter of Intent policy on trespassing because officers undisputably had probable cause to arrest Plaintiff for possession of marijuana. Under the circumstances, Plaintiff has no viable policy and practice claim against the municipal Defendants.

Plaintiff also objects to the Magistrate Judge's characterization of the "slap in the face" as figurative rather than literal; he states that it was literal and further states that there was an

4

eyewitness to this slap. Ultimately this issue is beside the point because Plaintiff has not raised an excessive force claim; he has simply challenged the validity of his arrest.

Finally, Plaintiff objects "to the mention of him being arrested for [m]arijuana" and requests that this Court take notice that his personal property was taken and distorted. The alleged property claims are not part of Plaintiff's claims in this case. And the arrest for possession of marijuana at the same time as the arrest for criminal trespass is germane to the issues in dispute. The objection is overruled.

## II. CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket no. 67), is accepted for the added reasons recited in this Order. The Plaintiff's motion for summary judgment (docket no. 31) is **DENIED**, and the defense motions for summary judgment (docket nos. 39, 59) are **GRANTED**.

**IT IS SO ORDERED**.

Dated:      October 31, 2014            /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE